UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WOODY WAREHOUSE NURSERY, INC.,       )<br>  *Plaintiff*,                                              )<br>                                                                )<br>  *vs.*                                                        )         1:13-cv-1729-JMS-MJD<br>                                                                )<br>JOHN M. HODAPP AND FLORISTS' MUTUAL )<br>INSURANCE COMPANY,                              )<br>  *Defendants*.                                          ) | |

## ORDER

This is the fourth jurisdictional entry the Court has issued in this case. [Dkts. 6; 12; 16.] Fingers crossed, it will be the last one. Presently pending before the Court is Defendants John M. Hodapp and Florists' Mutual Insurance Company's (collectively, the "Defendants") Motion to Amend/Correct their Answer to Plaintiff's Complaint, [dkt. 17], which they filed in response to the Court's third jurisdictional order, [dkt. 16]. The Defendants attach a proposed amended answer, which the Court deems sufficient to address the issues in its previous jurisdictional order and, thus, **GRANTS** the Defendants' motion.[1] [Dkt. 17.] The Clerk is directed to docket the Defendants' Amended Answer, [dkt. 17-1], as a separate entry on the Court's docket.

The Defendants' explanation for inconsistencies in the answer they are seeking to amend deserves a few words. The Defendants claim that they filed an answer inconsistent with their previous joint jurisdictional statement because they were being "hyper-technical." [Dkt. 17 at 1.] For example, the Defendants claim that they answered that they did not have knowledge

---

[1] The Defendants' response to the jurisdictional allegation concerning Mr. Hodapp uses the word "resident" rather than "citizen," [dkt. 17-1 at 1], but this is because the Defendants are responding to the Plaintiff's state court complaint, which used the word "resident" since the Plaintiff was not pleading federal jurisdiction. Given the parties' representations regarding Mr. Hodapp's citizenship in the revised joint jurisdictional statement, [dkt. 13], the Court will not quarrel with that wording at this time.

1

regarding the Plaintiff's citizenship allegations—again, in direct conflict with the Defendants' previous joint jurisdictional statement—because "Plaintiff could change its principal place of business or place of incorporation at any time.  However, Defendants have no knowledge that Plaintiff has changed its principal place of business or place of incorporation.  Thus, to eliminate any inconsistences or questions regarding the Court's jurisdiction, Defendants wish to Amend their Answer to admit th[ose] allegations." [*Id.* at 1-2.]

Given the Defendants' representations for its motivation, the Court finds it necessary to point out that jurisdiction is analyzed "based on the events at the time the case is brought." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  Specifically, "[w]hen a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." *Id.*  Thus, a change in citizenship "could not matter" because complete diversity must be analyzed "at the commencement of the lawsuit."  *Miller v. Fryzel*, 499 F. App'x 601, 603 (7th Cir. 2013) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004)).  Moreover, any admission by the Defendants regarding jurisdictional allegations in a complaint would be to those specific allegations, not to material future changes (although, again, the change contemplated by the Defendants would not affect the Court's jurisdiction over this case).  Thus, the Defendants' admittedly "hyper-technical" answer misses the point.

The Court has noticed that parties can be incredibly hesitant to admit jurisdictional allegations or that diversity jurisdiction exists, perhaps because they believe that they will waive some issue for the future.  But "[n]o court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction."  *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000).  It is

important for the parties and the Court to confirm that subject matter jurisdiction exists because a judgment from a federal court that did not have subject matter jurisdiction is invalid. *See Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (dismissing case for lack of subject matter jurisdiction after three years of litigation, despite the parties not raising the issue to the district court or on appeal); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003) (dismissing case after eight years of litigation for lack of subject matter jurisdiction). Accordingly, the Court cautions the parties to keep these principles in mind when pleading or responding to jurisdictional allegations.

12/16/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF:**

Christopher N. Wahl
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
chris@hfmfm.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Kye Joseph Steffey
THE NICE LAW FIRM
kjsteffey@nice-law.com